Filed 3/2/23  P. v. Olson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LLOYD RALPH OLSON II,<br><br>    Defendant and Appellant. | C096870<br><br>(Super. Ct. No. 02F09553) |

In 2003, defendant Lloyd Ralph Olson II[1] was convicted of attempted murder and sentenced to prison for 32 years to life.  In February 2022, defendant petitioned for

---

[1]    Defendant's name appears several different ways throughout the record.  While the notice of appeal filed in this case lists defendant's name as "Lloyd Olson," the original abstract of judgment uses "Lloyd Ralph Olson II."  We use the latter name in this opinion.

resencing under Penal Code[2] section 1172.6.[3] The trial court denied defendant's petition in August 2022, finding him ineligible for relief because (1) defendant testified at trial that he personally shot the victim and (2) the jury was not instructed on the natural or probable consequences theory.

On appeal, defendant challenges the trial court's order, arguing it erroneously relied on the facts as stated in our 2005 opinion from his appeal of his original convictions. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Given the nature of the instant appeal, a detailed recitation of the facts underlying defendant's convictions is unnecessary. It suffices to say that the victim got into an argument with an acquaintance of defendant, and defendant shot the victim. At trial, defendant argued he acted in self-defense. A jury found defendant guilty of attempted murder and discharging a firearm at an occupied motor vehicle. The jury also found true as to both offenses that he had personally and intentionally discharged a firearm that proximately caused great bodily injury. The trial court sentenced defendant to prison for an indeterminate term of 25 years to life and a determinate seven-year term, and we affirmed the judgment on appeal. (*People v. Olson* (June 23, 2005, C045591) [nonpub. opn.].)

In February 2022, defendant filed a petition for resentencing pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015). He argued that an information had been filed against him that allowed the prosecution to proceed under a

---

[2] Undesignated statutory references are to the Penal Code.

[3] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Defendant filed his petition under former section 1170.95, but we will cite to the current section 1172.6 throughout this opinion.

2

theory of felony murder or a natural and probable consequences theory; that he was convicted of attempted murder; and that he could not now be convicted of murder based on the recent changes to sections 188 and 189. The trial court appointed him counsel.

The People opposed defendant's motion, arguing he was ineligible for relief because he was the actual killer and had not been convicted under any theory of vicarious liability.

After holding a hearing, the trial court denied defendant's petition in August 2022, stating, "A review of the record in [defendant's] case . . . reveals that his attempted murder conviction was not premised on the natural-and-probable consequences doctrine." The court noted that although the jury had been instructed on the natural and probable consequences doctrine *as to a codefendant*, it was "expressly instructed" that the theory was not to be applied as to defendant. In its written decision, the court quoted the facts as set out in our nonpublished opinion in *People v. Olson*, *supra*, C045591.

DISCUSSION

I

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her [or their] participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a

3

person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 (2017-2018 Reg. Sess.) also added current section 1172.6, which allows those convicted of attempted murder under the natural and probable consequences theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a); see Stats. 2018, ch. 1015, § 4.) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her [or their] factual allegations were proved." ' " (*Ibid*.) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

II

*Analysis*

We agree with the trial court that defendant has failed to make the requisite prima facie showing of entitlement to relief under section 1172.6. Where a defendant has been

4

convicted of attempted murder, the defendant is only eligible for relief if the conviction was under a natural and probable consequences theory, or other theory of imputed malice. (§ 1172.6, subd. (a); see also *People v. Wein* (1977) 69 Cal.App.3d 79, 92 ["the felony-murder rule has no application to a charge of attempted murder"].) However, the record of conviction reflects defendant was not convicted under such a theory. Although the jury was instructed on the natural and probable consequences doctrine as to a codefendant, it was also expressly instructed that the theory was not to be applied as to defendant. Because no imputed malice theory was presented to the jury with respect to defendant, there is no possibility the jury found him guilty under any of these theories. Any error by the trial court in quoting facts from our prior opinion was harmless given that defendant was ineligible for resentencing as a matter of law. (*People v. Flint* (2022) 75 Cal.App.5th 607, 613 [a § 1172.6 petitioner fails to establish prejudice when the record of conviction establishes that he, she, or they is ineligible for resentencing as a matter of law].)

## DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
DUARTE, J.

/s/
EARL, J.